412 P.2d 914.

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

Neuman C. PETTY and Ireva G. Petty, his wife, Defendants and Respondents.

No. 10354.

Supreme Court of Utah.

April 12, 1966.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for appellant.

Robert M. McRae, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff State Road Commission seeks to take by eminent domain for highway purposes a portion of defendant's land adjacent to Victory Road just north of

the Capitol in Salt Lake City. Pursuant to discovery procedures under Rule 33 U.R.C.P. a dispute arose over the trial court's order that the plaintiff answer certain interrogatories. On petition representing that the treatment of the problem here presented will have an important bearing on this lawsuit, and that it is one which is continually recurring in discovery procedure under the new rules we granted intermediate appeal as permitted by Rule 72(b) U.R.C.P.

For the purpose of getting directly to consideration of the question for which we granted the intermediate appeal, we set aside the challenges to the timeliness of the actions taken by the parties, except to make these observations: The purpose of the provision in Rule 33 that a party may object to the interrogatories within 10 days provides a means of making objections and obtaining a ruling on questions which may be ambiguous, equivocal, or confusing, or which for some other valid reason should not be answered.[1] Failure to object within the time allowed will ordinarily waive objections.[2] However, it should be noted that this waiver by failing to object would not have the effect of compelling an answer to a question which would violate a privilege affirmatively protected by statutory or constitutional provisions.

The interrogatories which gave rise to this dispute are as follows:

1. Please set forth the names and addresses of the witnesses plaintiff intends to call at the time of trial in the above captioned case.

\* \* \* \* \* \*

3. Please set forth what you contend to be the fair value of the property taken and in connection with answering this question, please give the following values:

a. The value of the land itself.

b. The value of improvements, to-wit: the building.

c. The value of underground improvements, to-wit: septic tank, water line and gas line.

d. Value of razed building as a whole when connected to the metal shed which remains.

e. Damage to property as the same was affected by reformation of the street and frontage taken being irregular in shape and no longer accessible, if any.

4. What does plaintiff contend to be the highest and best use of the property which was condemned as of the time of service of summons?

---

1. Note: Rule 26(b) provides that: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."
2. Cary v. Hardy, 1 F.R.D. 355 (D.C.E.D. Tenn.S.D.1940).

Plaintiff filed its response, giving the names of the witnesses, but not their addresses; and did not answer questions 3 and 4, claiming that they are not required to answer further because some of the information sought would violate the attorney-client privilege; that it would be the "work product" of plaintiff's attorneys; and that the questions also call for conclusions of an expert.

▮ In addressing the problem posed by these contentions there are some general principles to be kept in mind. A primary purpose of the new Rules of Civil Procedure was to simplify procedures and to "secure the just, speedy, and inexpensive determination of every action." [3] One of the means of accomplishing this is to permit discovery of information which will aid in eliminating noncontroversial matters, and in identifying, narrowing and clarifying the issues on which contest may prove to be necessary. Insofar as discovery will serve this purpose it should be liberally permitted.[4] This is, of course, not without limitation. It must be applied with common sense and within reasonable bounds consistent with the objective just stated, because if carried too far the discovery procedure may result in defeating the very purpose it was designed to accomplish.

The idea of making a lawsuit a game of tricks by keeping information secret to surprise the opposition at a critical moment is more suited to the fictionalized drama of stories and plays than to actual trials in a court of justice. Yet the evil to be apprehended in permitting the use of discovery to be carried to an opposite extreme must also be guarded against. One party may sit idly by while the other prepares its case with zeal and diligence and then attempt to take advantage of this industry by simply asking for information, the acquisition of which may have involved a great deal of time, effort and expense. The possibility of unfairness is plainly evident.

Plaintiff relies particularly on the safeguards provided for in Rule 30(b):

* * * [t]he court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney * * * in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense * * * [nor] the writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or,

---

3. Rule 1(a), U.R.C.P.

4. Mower v. McCarthy, 122 Utah 1, 245 P.2d 224. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

\* \* \* [exceptions not pertinent here] the conclusions of an expert.

The question as to whether interrogatories are subject to objection as violating that rule or for other reasons is primarily for the trial court to determine. Because of this fact and his advantaged position in proximity to all aspects of the lawsuit, it is practical and desirable that he be allowed considerable latitude of discretion in his rulings thereon which should have the purpose of avoiding the extremes mentioned above and conforming within the rule just quoted, while permitting the proceeding to move forward with such efficiency and expedition as may be achieved consistent with the proper safeguard of the rights of the parties in the particular circumstances. This should include consideration of their respective situations: their resources, the availability of the information by other means, the purpose for which it is being sought, and any other special circumstances which the trial judge may consider relevant. One of such special circumstances here is that the State is suing a private individual and undoubtedly has caused an appraisal of the property to be made. It seems both practical and just that the court should be somewhat more liberal in directing answers to interrogatories than may be warranted in some other cases.

In the light of the foregoing discussion we redirect our attention to the questions which were asked:

Question No. 1: We see no impropriety in requiring the plaintiff to state the names and addresses of its witnesses. This is particularly true in this situation where they are supposed to be experts. The credence to be given their testimony depends to a large extent upon their qualifications. If counsel so desires, he should have an opportunity to make such investigation as he deems advisable, including learning something about them to test their credentials and to enable him to intelligently cross-examine.[5]

Question No. 3: Requiring the answer as to what plaintiff contends is the fair market value of the property taken is also proper. If this information has not already been exchanged by the parties in some attempt at settlement, it certainly should be before going to trial. This is information so foundational that without it we fail to see how the parties could tell whether they were in disagreement. The fact that the plaintiff may base its claim as to such value upon advice it has received from expert witnesses does not alter the situation, nor is this interrogatory a direct request for their testimony. Further, it is not at all unreasonable to require an answer separating the values as to the land

5. Miller v. United States, 192 F.Supp. 218 (D.Del.1961).

**388**

and the improvements. But that is as far as these interrogatories should be approved. Without belaboring the detail thereof, sub-questions (c), (d) and (e) of interrogatory No. 3 relate to underground installations on defendant's own property and estimates of value on certain hypotheses. We think they transgress the bounds of reasonable limits within which interrogatories should be kept. Our conclusion is the same with respect to Question No. 4 as to what the *plaintiff may consider* to be the highest and best use of the defendant's property. The use of discovery should not be extended to permit ferreting unduly into detail, nor to have the effect of cross-examining the opposing party or his witnesses. Nor should it be distorted into a "fishing expedition" in the hope that something may be uncovered. It should be confined within the proper limits of enabling the parties to find out essential facts for its legitimate objective hereinabove stated.

In conformity with the foregoing discussion, we are in agreement with the trial court's order that the plaintiff should answer the interrogatories with greater particularity than it has done, but subject to the limitations we have set out herein. Accordingly, the order as modified by this opinion is affirmed, and the case is remanded for further proceedings. No costs awarded.

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.