Dr. Edward S. LaMonte filed an action in the circuit court seeking certain relief from compliance with a subpoena issued to him by a grievance committee of the Personnel Board of Jefferson County (board). After an ore tenus proceeding, the trial court denied all relief requested by Dr. LaMonte. Thus, this appeal.
Dr. LaMonte contends that certain information obtained by him should not be subject to disclosure to the board. He argues that the information obtained was confidential and protected from disclosure by the doctrine of executive privilege. Further, he argues that the information is protected from disclosure by the work product doctrine of Rule 26(b)(3) of the A.R.Civ.P.
The record in pertinent part reveals the following:
Several employees of the Birmingham Museum of Art (museum) filed a grievance complaining about certain adverse job actions allegedly taken against them by the museum and its director, Dr. Douglas Hyland. At some point during the grievance procedure, Mayor Richard Arrington, Jr., intervened and requested that Dr. LaMonte, a former employee of the mayor, investigate the allegations made and report back to the mayor.
In the course of his investigation, Dr. LaMonte interviewed all nine of the grievants, together with certain other employees and former employees of the museum. Dr. LaMonte testified that he told the grievants that if such employees and former employees would talk freely with him, he would not reveal their identities nor would he reveal the contents of their conversations with persons other than the mayor.
Dr. LaMonte further testified that he conducted interviews with all of the grievants as well as with some eleven employees and former employees of the museum. He testified that he made notes of his conversations and his mental impressions, as well as his conclusions as to their statements.
Ultimately, a grievance committee hearing was commenced before the board, and a subpoena was issued to Dr. LaMonte by the grievants' attorney. The subpoena directed Dr. LaMonte to produce the notes of his conversations with the employees and former employees of the museum. However, to this date, Dr. LaMonte has refused to comply with the grievance committee subpoena and, as noted above, was denied any relief by the trial court.
The dispositive issue on appeal is whether the trial court erred when it declined to set aside the subpoena issued to Dr. LaMonte by the board.
At the outset we note that the board is created and governed by the Civil Service Law, Ala. Acts 1945, Regular Session, Act No. 248. This law empowers the board to perform a wide range of civil service functions including investigations of complaints *Page 868 
by citizens and classified employees. Further, the board is empowered to subpoena and require the attendance of witnesses, as well as the production of books, papers, documents, and accounts pertaining to the subject under investigation. Civil Service Law, § 13. Section 13 specifically provides that the board shall not be bound by the technical rules of evidence.
We further note that where an administrative agency issues an authorized subpoena, the only judicial inquiry to be made in enforcing the subpoena is whether the evidence sought is plainly incompetent or irrelevant to any lawful purpose of the agency. United States v. Feaster, 376 F.2d 147 (5th Cir. 1967). Therefore, we must now determine whether the information sought by the board was protected from disclosure by either the executive privilege doctrine or the work product doctrine.
It is well settled that the rules on deposition and discovery are to be broadly and liberally construed. Assured InvestorsLife Insurance Co. v. National Union Associates, Inc.,362 So.2d 228 (Ala. 1978). However, this right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. Assured;
Rule 26(c) A.R.Civ.P. The trial court is vested with judicial discretion in the discovery process, and is not to be reversed unless it has abused this discretion. Assured. We note, however, that it is unusual to find an abuse of discretion in these matters. Assured.
Against this broad policy of liberal discovery, we must now determine whether the doctrine of executive privilege or the work product doctrine applies in this instance.
 Executive Privilege
Executive Privilege as defined by the Supreme Court of Alabama is as follows:
 "[A] privilege claimed by a governmental body when it fears that discovery of its confidential information will seriously impair its ability to function. Historically, it has been reserved for military and diplomatic state secrets and is founded upon the 'unfortunately necessary policy of fettering justice to promote national health.' "
Assured at 232 (citations omitted). Further, we point out that the claim of executive privilege must be narrowly construed so as to permit the broadest possible discovery allowed. Assured.
Here, the grievants have an undeniably legitimate interest in obtaining the information contained in Dr. LaMonte's notes. Access to the notes will certainly assist them in the prosecution of their grievance against the museum and its director. Further, we find that this information will not "seriously impair [the City of Birmingham's] ability to function."
 Work Product Privilege
Rule 26(b)(3), A.R.Civ.P., provides that certain information may be shielded from disclosure in the discovery process. However, to invoke the protection of the work product privilege, one must show that the materials sought to be protected were prepared "in anticipation of litigation."Sims v. Knollwood Park Hospital, 511 So.2d 154 (Ala. 1987). Litigation need not be imminent. However, the burden is on the party seeking to assert the work product privilege to prove that the primary motivating purpose behind the creation of a document or investigative report was to aid in possible future litigation. Sims.
Here, the record reveals that Dr. LaMonte conducted his investigation at the request of Mayor Arrington in an attempt to informally resolve the complaint. However, Dr. LaMonte did not confer with the city attorney concerning the investigation until after the subpoena was served on him. Therefore, we find that Dr. LaMonte did not prove that the requested information was prepared in anticipation of litigation.
In view of the above, we cannot say that the information sought by the board is plainly incompetent or irrelevant to their lawful purpose, and we find that the trial *Page 869 
court did not err in denying the relief requested by Dr. LaMonte.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.