Julia Lee ASKEW, Plaintiff and Respondent,

v.

Paul HARDMAN, Defendant and Petitioner.

No. 940613.

Supreme Court of Utah.

June 7, 1996.

Gary A. Dodge, Mark F. James, Robert A. McConnell, Salt Lake City, for plaintiff.

Stephen G. Morgan, Mitchell T. Rice, Joseph E. Minnock, Salt Lake City, for defendant.

Paul M. Belnap, Michael S. Johnson, Salt Lake City, for amicus State Farm Mutual Auto Insurance.

Jack C. Helgesen, Edward B. Havas, Salt Lake City, for amicus Utah Trial Lawyers Association.

RUSSON, Justice:

Julia Lee Askew was injured in an automobile-horse accident and sued the owner of the horse, Paul Hardman, for damages. Prior to trial, she sought access to the claim file of Hardman's insurance company, Utah Farm Bureau Insurance Company, particularly the recorded statement of Hardman taken during Farm Bureau's investigation of the accident. The trial court denied access to the documents on the ground that they had been prepared in anticipation of litigation and therefore were protected from discovery pursuant to rule 26(b)(3) of the Utah Rules of Civil Procedure. The matter proceeded to trial, and the jury returned a verdict in favor of Hardman.

Askew appealed to this court, and we poured the case to the Utah Court of Appeals. Askew argued that the trial court unjustifiably denied her access to documents in the claim file of Hardman's insurer during discovery. The court of appeals reversed and remanded the matter for a new trial on the ground that the trial court erred in denying discovery of the claim file, and Hardman's statement in particular. *Askew v. Hardman*, 884 P.2d 1258 (Ct.App.1994), *cert. granted*, 892 P.2d 13 (Utah 1995). Hardman filed a writ of certiorari which this court granted. We reverse the decision of the court of appeals and reinstate the jury verdict and judgment.

## BACKGROUND

In November 1989, the automobile in which Julia Lee Askew was a passenger struck a horse on the highway. The horse was owned by Paul Hardman. The morning after the accident, Hardman observed that a portion of his fence was down and contacted the sheriff's office to report suspected vandalism. Deputy Monson investigated and stated in his report that Hardman wanted to show him the fence inasmuch as he was afraid of being sued because his horse had caused an accident. Hardman also contacted his liability insurer, Utah Farm Bureau Insurance Company (Farm Bureau), which sent Robert Harmon to investigate the accident.

In September 1991, Askew filed suit against Hardman to recover damages for her injuries, alleging that he negligently constructed or maintained his pasture fence which allowed his horse to escape and enter the highway, causing the accident. Askew served upon Farm Bureau a notice of deposition and a subpoena duces tecum commanding it to bring to the deposition "all documents that refer, reflect, or relate" to the accident or to Askew and "any investigatory reports" relating to the accident.

Hardman moved to quash Askew's subpoena and to obtain a protective order to prevent discovery of Farm Bureau's file. Hardman argued that all of the documents Askew requested were prepared in anticipation of litigation and protected from discovery by rule 26(b)(3) of the Utah Rules of Civil Procedure. In support of his motion, Hardman filed a list of the contents of the claim file, entitled "Privileged Log," the affidavit of Farm Bureau's attorney, Stephen Morgan, and copies of letters from Morgan to Farm Bureau's claims manager, Greg Johnson, instructing claims managers as to how to investigate and handle information in preparation for litigation that might arise. Hardman also filed the affidavit of Johnson, averring to the procedures used when an insured contacts Farm Bureau after an accident involving a third party, particularly when the accident involves livestock of the insured.

Askew opposed Hardman's motion and moved to compel Farm Bureau to turn over the requested documents. Askew argued that the documents were not prepared "in anticipation of litigation," but in the ordinary course of Farm Bureau's business, and did not meet the test established for "work product" protection in *Gold Standard, Inc. v. American Barrick Resources Corp.*, 805 P.2d 164 (Utah 1990). At the time of Askew's request, virtually no discovery had occurred.

The trial court denied Askew's motion to compel, ruling that the documents in Farm Bureau's claim file "were prepared by the insurance company, at the instruction of [its] attorney, in anticipation of litigation." After the trial judge's order, Hardman voluntarily delivered to Askew photographs Farm Bureau took of the accident scene the morning after the accident.

Later, after Askew deposed Hardman, she again moved to compel production of documents. This time, however, she requested only Hardman's recorded statement taken by Farm Bureau investigator Harmon following the accident. She argued that she needed the recording to prepare her case and that she was unable to obtain the substantial equivalent of the recording by other means. The trial court, however, held that Askew had in fact obtained the "substantial equivalent" of Hardman's recorded statement through her lengthy deposition of Hardman and the deputy sheriff's report. It thus again rejected Askew's motion for the recorded statement. The trial court did, however, allow Askew to depose Harmon to iden-

tify and describe the photographs he took the day after the accident and to obtain Harmon's observations of the accident scene at that time. Askew subsequently took Harmon's deposition, and the case proceeded to trial. The jury returned a verdict of no cause of action in favor of Hardman. Askew appealed.

The court of appeals reversed and remanded the case for a new trial on the ground that the trial judge had erred in denying Askew access to documents in the claim file. The court of appeals stated that "an insurance adjuster's report is generally discoverable," *Askew*, 884 P.2d at 1261, and that Hardman had failed to show that the documents in his insurance company's claim file were prepared in anticipation of litigation. *Id.* at 1262. It further stated that the fact that no attorney was involved in Farm Bureau's preparation of the Askew/Hardman accident claim file suggested that it was prepared in the ordinary course of business. *Id.*

On certiorari, Hardman argues that in holding that the claim file was not prepared in anticipation of litigation and thus was not protected under rule 26(b)(3) of the Utah Rules of Civil Procedure, the court of appeals failed to give appropriate deference to the trial court. Second, Hardman asserts that the court of appeals erred by shifting the burden of proving harmless error from Askew to him and then refusing to allow him an opportunity to show that the error was harmless.

## ANALYSIS

In reviewing the court of appeals' decision, we must determine whether it correctly concluded that the trial court abused its discretion in ruling that the documents in Hardman's insurance claim file were prepared in anticipation of litigation and thus were protected from discovery under rule 26(b)(3) of the Utah Rules of Civil Procedure. *State ex rel. Road Comm'n v. Petty*, 17 Utah 2d 382, 387, 412 P.2d 914, 918 (1966) (trial court granted discretion to determine whether interrogatories were subject to question under Utah's former work-product rule); *see also Utah Dep't of Transp. v. Osguthorpe*, 892 P.2d 4, 6 (Utah 1995) (trial court granted

broad discretion regarding imposition of discovery sanctions); *First Fed. Sav. & Loan Assoc. v. Schamanek*, 684 P.2d 1257, 1266 (Utah 1984) (same). Although trial courts have broad discretion in matters of discovery, the trial court, in exercising such discretion, must apply the correct law to its findings of fact, and its findings of fact must be supported by sufficient evidence. An appellate court will not find abuse of discretion absent an erroneous conclusion of law or where there is no evidentiary basis for the trial court's ruling. *See State v. Pena*, 869 P.2d 932, 937 (Utah 1994) (while appellate courts always decide what the law is, deference may be given to trial court's application of law to the facts); *accord Brown v. Superior Court*, 137 Ariz. 327, 670 P.2d 725, 729–30 (1983) (trial court discretion in discovery matters "includes the right to decide controverted factual issues, to draw inferences where conflicting inferences are possible and to weigh competing interests. It does not include the privilege of incorrect application of law or a decision predicated upon irrational bases."). Thus, we must first determine if the court of appeals correctly held that the trial court made an erroneous conclusion of law. If the court of appeals erred in this regard, its reversal may still be affirmed if the trial court's findings lack evidentiary support.

█ In the matter before us, the applicable law governing discovery of documents is set forth in rule 26(b)(3) of the Utah Rules of Civil Procedure. This rule provides that a party cannot discover documents prepared by an insurer in anticipation of litigation unless that party shows a substantial need for the materials to prepare his case and the inability to obtain the substantial equivalent by other means. The rule states in relevant part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable under Subdivision (b)(1) of this rule *and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative* (including his attorney, consultant, surety, indemnitor, *insurer,* or agent) only upon a showing that the party seeking

discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

(Emphasis added.) This rule acknowledges that materials prepared by a party's insurance company ("insurer") are protected from discovery if they are prepared in anticipation of litigation. It does not require that the materials be prepared by an attorney to qualify for such protection. In the case before us, Hardman's insurance company, Farm Bureau, clearly qualifies as an "insurer" under the rule.

In reversing the trial court, however, the court of appeals mistakenly concluded that an attorney must be involved for a document in an insurance claim file to be deemed as prepared in anticipation of litigation, and that the absence of attorney involvement in the preparation of the Askew/Hardman claim file suggested that the documents were prepared in the ordinary course of business. *Askew,* 884 P.2d at 1262.[1] It apparently overlooked the specific provision of rule 26(b)(3) which recognizes that documents prepared by an "insurer" may qualify for protection under the rule. Instead, it based its determination on language this court used in *Gold Standard v. American Barrick Resources Corp.,* 805 P.2d 164, 168 (Utah 1990). *Askew,* 884 P.2d at 1259, 1262.

*Gold Standard,* however, is inapplicable to the present case. Although *Gold Standard* addressed the general work-product inquiry, it did not involve a third-party insurance claim wherein one party suing another party for damages arising out of an accident seeks documents developed after the accident by that party's liability insurer.[2] *Gold Standard* involved a contract dispute between Gold Standard, Inc., and Getty Mining Co., partners in a mining venture, over the adequacy of an economic feasibility study required under their contract. After Gold Standard obtained documents relevant to this dispute from a former Getty employee, Getty asserted that the documents were work product and received a protective order from the district court to prevent Gold Standard's further use of the documents. *Gold Standard,* 805 P.2d at 166–67. Thus, *Gold Standard* is inapposite.

Even if it were applicable, *Gold Standard* does not make attorney involvement the *sine qua non* of work-product protection. We held in *Gold Standard* that although attorney involvement remains a factor, "the plain language of [rule 26(b)(3) ] does not require that an attorney be involved in the preparation of the material." *Id.* at 169–70. We concluded that because the memoranda in question "were written solely at the insistence of management-level employees and with no attorney request or other attorney involvement" and that because there was no indication that litigation was anticipated, the memoranda were not protected work product. *Id.* at 170.

■ In sum, the court of appeals inaccurately construed language from *Gold Standard* despite rule 26(b)(3)'s specific inclusion of "insurers" in the ambit of work-product protection. Thus, the court of appeals erred by considering "attorney involvement" in the context of this case. The question remains, however, to what extent documents in an insurance claim file can qualify for work-product protection.

In considering whether documents in an insurance claim file are prepared in anticipation of litigation, courts have taken one of three general positions. Some courts have

---

1. In evaluating whether an attorney was involved in the preparation of the Askew/Hardman claim file, the court of appeals considered only the letter from Farm Bureau's attorney instructing claims managers as to how to investigate and prepare information for litigation that may arise. It found this letter insufficient to establish attorney involvement. *Askew v. Hardman,* 884 P.2d 1258, 1262 (Ct.App.1984), *cert. granted,* 892 P.2d 13 (Utah 1995).

2. Askew additionally relies on *Madsen v. United Television, Inc.,* 801 P.2d 912 (Utah 1990), for her argument that Harmon's investigative file was not prepared in anticipation of litigation. However, in *Madsen,* we held that the routine investigations reported in a police officer's internal affairs files were not prepared "in anticipation of litigation" and thus did not fall under the scope of work-product protection. *Id.* at 917–18. Because *Madsen* did not address the issue of third-party insurance investigations, it does not control the issue before us.

held that unless a document is prepared by an attorney, the document is not subject to work-product protection. *See, e.g., Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367, 372 (N.D.Ill.1972). However, as we previously acknowledged, rule 26(b)(3) specifically allows a party's "insurer" to prepare documents which fall under the scope of the rule. Furthermore, although we held that attorney involvement may be relevant to a determination of whether documents were prepared in anticipation of litigation, we specifically rejected the *Thomas Organ* rule in *Gold Standard.* 805 P.2d at 169.

Some courts have taken the position that *all* documents in an insurance claim file are prepared in anticipation of litigation, without regard to the facts of each case or the particular documents at issue. *See, e.g., Ashmead v. Harris,* 336 N.W.2d 197, 201 (Iowa 1983); *Harriman v. Maddocks,* 518 A.2d 1027, 1033–34 (Me.1986). However, as we acknowledged in *Petty,* 17 Utah 2d at 386, 412 P.2d at 917, the discovery process involves a balance between the liberal grant of discovery requests and a recognition that unbridled discovery may lead to unfairness toward the party who diligently gathered the requested information. The trial court's discretion in discovery matters "should include consideration of [the parties'] respective situations: their resources, the availability of the information by other means, the purpose for which it is being sought, and any other special circumstances which the trial judge may consider relevant." *Id.* at 387, 412 P.2d at 918. This balancing principle is equally applicable to documents in an insurance claim file. We therefore decline to adopt a position which affords blanket protection for such documents.

A growing number of courts have adopted a case-by-case approach, taking into consideration various factors to determine whether documents in an insurance claim file were prepared in anticipation of litigation. *See, e.g., Spaulding v. Denton,* 68 F.R.D. 342, 345–46 (D.Del.1975) (considering facts of each case to determine purpose of documents); *Basinger v. Glacier Carriers, Inc.,* 107 F.R.D. 771, 774 (M.D.Pa.1985) (same); *Haynes v. Anderson,* 597 So.2d 615, 619 (Miss.1992) ("[C]ourts should consider 'the nature of the documents, the nature of the litigation [and investigation], the relationship between the parties, and any other fact peculiar to the case.'" (alteration in original) (quoting *Pete Rinaldi's Fast Foods v. Great American Ins.,* 123 F.R.D. 198, 202 (M.D.N.C.1988))).

In light of rule 26(b)(3) and our previous cases, we find the case-by-case approach more sound in determining whether documents in an insurance claim file were prepared in anticipation of litigation. The trial court should consider the nature of the requested documents, the reason the documents were prepared, the relationship between the preparer of the document and the party seeking its protection from discovery, the relationship between the litigating parties, and any other facts relevant to the issue. *See Haynes,* 597 So.2d at 619.

The discoverability of such documents may differ depending on the circumstances of the case. Documents obtained by an insurer where its own insured is the claimant against it (first-party claim) may well be treated differently from documents obtained by an insurer from its insured where the potential claimant is a third party. *See Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 798 n. 2, 799–800 (Utah 1985) (recognizing fundamental distinction between first-party and third-party situations and imposing fiduciary duty upon insurer to protect its insured's interest in third-party situations); *accord Campbell v. State Farm Mut. Auto. Ins. Co.,* 840 P.2d 130, 138 (Ct.App.), *cert. denied,* 853 P.2d 897 (Utah 1992).[3]

---

**3.** In relying on cases which for the most part involve first-party claims, the court of appeals ignored the distinction between first- and third-party claims we recognized in *Beck* and disregarded the fact that the case before us involves a third-party claim. It also cited cases that did not involve insurance companies. *Askew,* 884 P.2d at 1261–62 (citing *LaMonte v. Personnel Bd.,* 581 So.2d 866, 867 (Ala.Civ.App.1991) (not insurance litigation); *Langdon v. Champion,* 752 P.2d 999, 1007 (Alaska 1988) (third-party claim where court does not distinguish between first- and third-party claims); *Brown v. Superior Court,* 137 Ariz. 327, 670 P.2d 725, 728 (1983) (first-party claim); *Hawkins v. District Court,* 638 P.2d 1372, 1374 (Colo.1982) (en banc) (first-party claim);

Thus, the court of appeals erred in holding that a document generated in the investigation of an accident involving the insured and a third party is "generally discoverable"—therein determining that the trial court made an erroneous conclusion of law. *Askew,* 884 P.2d at 1261. Documents in an insurance claim file may be protected as work product. However, whether a document prepared by an insurer is prepared in anticipation of litigation is a question of fact to be determined by the trial court on the basis of the evidence before it. Hence, affirming the court of appeals' ultimate conclusion to reverse may still be warranted if the trial court's findings lack evidentiary support. We next review the evidence before the trial court.

In support of his motion, Hardman submitted a list of the contents of Farm Bureau's claim file which identified the transcribed statement of Paul Hardman, interoffice correspondence, photographs, status reports, and numerous letters to and from Farm Bureau's attorney, including letters from Farm Bureau's attorney to Paul Hardman. Hardman also submitted the affidavit of Farm Bureau's attorney, Stephen Morgan, with copies of letters prepared in 1986 by Morgan to Farm Bureau's claims manager, Greg Johnson. One letter instructed claims adjusters to take statements of insureds after an accident, as well as of "any other persons who have information obtained concerning the accident as you deem necessary and to use the information as the basis for an investigation on behalf of me and this law firm to prepare us for potential legal claims that may arise." A second letter from Morgan to Johnson specifically stated, "I have prepared the enclosed letter, the purpose of which is to protect any statements you might obtain from your insured or potential witnesses under the law applicable to attorney work-product." Hardman's motion also included the affidavit of Greg Johnson, who stated:

> It has been my experience that once a claim is reported that involves livestock on the highway which is allegedly owned by a Utah Farm Bureau insured, I anticipate from that time forward that a claim may be filed in connection with the accident by ... the driver or occupants of the vehicle that came in contact with the livestock.

The trial court found that the "[d]ocuments prepared subsequent to the accident were prepared by the insurance company, at the instruction of defendant's attorney, in anticipation of litigation" and that they "were created in preparation of an approach for defenses against claims filed in conjunction with the accident." It further held that Askew had failed to demonstrate a "substantial need" for the documents to overcome the protection for work product provided in rule 26(b)(3).[4] Therefore, pursuant to rule 26(b)(3), the trial court denied Askew's motion to compel and limited discovery to documents created prior to the accident.

The trial court did, indeed, have before it sufficient evidence upon which to find that Hardman's statement, taken after the accident, as well as the other documents in the claims file prepared after the accident, were prepared in anticipation of litigation: Hardman's horse escaped from its enclosure and was free on the highway; Hardman informed the police of his fear that he was going to be sued for his horse's causing the accident; Hardman contacted the insurance company which provided coverage for his liability

---

*Burr v. United Farm Bureau Mut. Ins. Co.,* 560 N.E.2d 1250, 1252 (Ind.Ct.App.1990) (first-party claim); *Henry Enters., Inc. v. Smith,* 225 Kan. 615, 592 P.2d 915, 919–20 (1979) (third-party claim where court does not distinguish between first- and third-party claims); *McHugh v. Chastant,* 503 So.2d 791, 792 (La.Ct.App.1987) (first-party claim); *Hall v. Goodwin,* 775 P.2d 291, 292 (Okla.1989) (first-party claim); *National Tank Co. v. Brotherton,* 851 S.W.2d 193, 207 (Tex. 1993) (third-party claim where court held that whether statements obtained during an investigation are prepared in anticipation of litigation is based on the "totality of the circumstances," *not*

that such documents are "generally discoverable")).

**4.** As stated, rule 26(b)(3) provides an exception for work product when the party requesting documents can show that he "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." However, this exception was not addressed by the court of appeals and is not raised on certiorari or briefed by either party before this court.

claims; and the insurance company investigated pursuant to its attorney's instructions for potential legal claims that might arise.

Because sufficient evidence existed upon which to base this finding and the trial court applied the correct rule of law to these factors, it cannot be said that the trial court abused its discretion in finding that the documents in the claim file, including Hardman's statement to Harmon, were prepared in anticipation of litigation and are therefore protected as work product under rule 26(b)(3).

## CONCLUSION

■ Documents in an insurance claim file may qualify for work-product protection if there is sufficient evidence to show that such documents were prepared in anticipation of litigation. In this case, there was sufficient evidence to support the trial court's finding that the documents in Farm Bureau's claim file, including Hardman's statement, were prepared in anticipation of litigation, and thus were protected from discovery by rule 26(b)(3) of the Utah Rules of Civil Procedure. The court of appeals erred in reversing the trial court's decision. We reverse the decision of the court of appeals and reinstate the jury verdict and judgment.[5]

ZIMMERMAN, C.J., STEWART, Associate Chief Justice and DURHAM, J., concur in Justice RUSSON's opinion.

HOWE, Justice, concurring:

I concur in the adoption of the case-by-case approach but limit my concurrence to holding that the trial court did not abuse its discretion in holding that Hardman's statement to Harmon was privileged.

5. Because of our disposition in this case, we do not reach Hardman's final issue on appeal— whether the court of appeals erred in shifting to Hardman the burden of showing harmless error.