Barbara WILKINSON, individually, for the heirs of Gary Lee Wilkinson, and as personal representative of the Estate of Gary Lee Wilkinson, Plaintiff and Appellant,

v.

UNION PACIFIC RAILROAD CO., a corporation, Defendant and Appellee.

No. 970569.

Supreme Court of Utah.

Dec. 29, 1998.

Rehearing Denied April 19, 1999.

Richard I. Ashton, Sandy, and John J. Rossi, Aurora, CO, for plaintiff.

J. Claire Williams, Salt Lake City, for defendant.

ZIMMERMAN, Justice:

Barbara Wilkinson ("Wilkinson") filed a complaint in Third District Court under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 to –60, to recover damages for the alleged wrongful death of her husband, Gary Wilkinson ("decedent"). The trial court granted summary judgment for defendant employer Union Pacific Railroad Co. ("Union Pacific") concluding that the jurisdictional prerequisites of FELA were not present on the facts alleged. Wilkinson argues that decedent's "medical emergency" arose when he fell unconscious, which both Wilkinson and Union Pacific agree occurred on the employer's property, rather than when the fatal asthma attack began. Because decedent fell unconscious on Union Pacific's property, Wilkinson contends that the injury suffered by decedent occurred within the scope of his employment and, therefore, FELA does apply. While we do not reach Wilkinson's contention regarding "medical emergency," we do conclude that she has made a prima facie showing that decedent's injury occurred on Union Pacific's property and within the scope of his employment. Therefore, we reverse and remand for further proceedings.

In reviewing a trial court's grant of summary judgment, " 'we do not defer to the trial court's conclusions of law but review them for correctness.' " *Certified Surety*

Group, Ltd. v. UT Inc., 960 P.2d 904, 905–06 (Utah 1998) (quoting *Taylor v. Ogden City Sch. Dist.*, 927 P.2d 159, 162 (Utah 1996)).

> If there is any doubt or uncertainty concerning questions of fact, the doubt should be resolved in favor of the [non-moving] party. Thus, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in the light most favorable to the party opposing summary judgment.

*Bowen v. Riverton City,* 656 P.2d 434, 436 (Utah 1982). We present the facts and reasonable inferences drawn from them in a light most favorable to the party opposing summary judgment. *See Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993).

■ Wilkinson has not submitted affidavits proving that decedent did not become ill on his commute to work in opposition to Union Pacific's motion for summary judgment. Rule 56(e) of the Utah Rules of Civil Procedure requires affidavits "when a motion for summary judgment is made and *supported* as provided in this rule." *See* Utah R. Civ. P. 56(e) (emphasis added). In this case, Union Pacific has not supported its motion for summary judgment—it has offered no affidavits showing that the facts are undisputed facts. Because Union Pacific has offered no affidavits disputing Wilkinson's allegations, it has not met its burden of showing that there are no material issues of fact. Consequently, Wilkinson may rely on the allegations in her pleadings. *See Lamb v. B & B Amusements Corp.,* 869 P.2d 926 (Utah 1993) (finding where party moving for summary judgment offers no affidavits disputing allegations, party opposing motion is not required to offer affidavits); *see also Olwell v. Clark,* 658 P.2d 585, 586 (Utah 1982) ("[U]nder Rule 56, Utah R. Civ. P., it is not always required that a party proffer affidavits in opposition to a motion for summary judgment in order to avoid judgment against him.").

While there are gaps in the information available to us, the facts presented are as follows: Decedent was employed by Union Pacific as an electrician. On the night of decedent's respiratory arrest, he was scheduled to begin work at 11:00 p.m. He left his home between 10:20 and 10:25 p.m. At approximately 10:55 p.m., he reported to the Union Pacific Round House—a supervisor's station—and requested an ambulance. A supervisor, Lyle Barton, heard this request and saw that decedent was having trouble breathing. Barton offered to take decedent to the hospital, asserting that it was faster than waiting for an ambulance. Decedent accepted Barton's offer.

Within a minute after entering Barton's truck, decedent fell unconscious. Barton used his mobile telephone to call another Union Pacific employee, Craig Fletcher. Fletcher met Barton at the truck, and they discussed doing CPR on decedent. After deciding not to do CPR, Fletcher returned to the building to call 911. According to fire department records, this call was received at 11:00:54 p.m.

While Fletcher was placing the call, Barton, with the assistance of another employee, Tim Best, drove decedent to the flag pole on the property—a location which an ambulance driver could easily find. After Barton and Best removed decedent from the vehicle, Al Davis, another Union Pacific employee, arrived on the scene and treated decedent for shock. Fletcher returned and informed the others that the paramedics were on their way. Fletcher began monitoring decedent's pulse. At some point, Fletcher informed the others that decedent was losing his pulse. Davis and Barton began CPR. Decedent regained his pulse once, and CPR was stopped. Fletcher lost decedent's pulse again, and CPR was resumed until the paramedics arrived at 11:06:33 p.m. Decedent never regained consciousness and died fifteen days later at LDS Hospital.

Wilkinson filed a complaint against Union Pacific on February 28, 1994. The claims were for negligence in caring for decedent and were grounded solely on FELA which, where applicable, makes recovery easier than at common law for employees injured on the job. Wilkinson argued that FELA applied because the injury to decedent occurred in the scope of his employment, i.e., on the employer's property as he was reporting for work. To support this claim, she asserted that decedent was not in a state of medical

emergency creating a duty to act on the part of Union Pacific until he lost consciousness in his supervisor's truck on the employer's premises. Union Pacific moved for summary judgment, claiming that FELA did not apply because decedent's medical emergency—the asthma attack—did not begin on the employer's property. Union Pacific argues that decedent was, therefore, not injured within the scope of his employment. Alternatively, Union Pacific asserted that even if FELA applied, it was not negligent, or its actions were not the cause of decedent's death.

The trial court found that decedent was not within the scope of his employment when he suffered his medical emergency and granted Union Pacific's motion for summary judgment. While this court does not accept Wilkinson's legal characterizations of the triggering facts, we do conclude that she has alleged sufficient facts to withstand Union Pacific's unsupported motion for summary judgment. We therefore reverse.

■ To withstand a motion for summary judgment, Wilkinson had to establish the four elements of a prima facie case under FELA. The four elements are: (i) decedent was injured while in the scope of his employment; (ii) decedent's employment was in furtherance of the railroad's interstate transportation business; (iii) the employer was negligent; and (iv) the employer's negligence played some part in causing the injury for which compensation is sought under FELA. *See Green v. River Terminal Ry. Co.,* 763 F.2d 805, 808 (6th Cir.1985).

■ The trial court based its grant of summary judgment on a finding that Wilkinson did not meet the first requirement—it held that decedent was not within the scope of his employment at the time of his injury. Therefore, we limit our analysis to this issue: Did Wilkinson allege sufficient facts to make a prima facie case that decedent was injured within the scope of his employment?

The evidence on this point is thin. No evidence has been presented as to what happened to decedent between the time he left home and the time he arrived at the Round House. What decedent experienced on his way to work is a material disputed fact. One thing is clear, however: when decedent arrived at the Round House, he was in need of medical attention. Union Pacific contends that the onset of decedent's medical emergency occurred before he arrived on Union Pacific property and that decedent was not, therefore, within the scope of his employment when he suffered his injury. This assertion, and the trial court's acceptance of it, seems to depend on some assumptions about asthma and the speed with which asthma attacks can produce the symptoms decedent exhibited at the Round House. However, the record is entirely silent about asthma in general and about decedent's asthma attack in particular. No one has suggested that this is a suitable issue for judicial notice.

Because Union Pacific has not offered any affidavits regarding what happened to decedent between the time that he left home and the time that he arrived at the Union Pacific property, there remain disputed issues of material fact and summary judgment is not appropriate. On this record, there is no reason to assume that decedent's asthma attack began during his commute to work rather than after his arrival at work but immediately prior to his entry into the Round House. Because we must review the alleged facts in the light most favorable to Wilkinson and draw all reasonable inferences in her favor and because Union Pacific has not rebutted Wilkinson's allegations thereby leaving material facts disputed, we find that summary judgment is inappropriate. Wilkinson's allegations are sufficient to allow this case to go to a jury. Absent some evidence showing that decedent could not have lost consciousness as quickly as he did if the asthma attack had begun on-premises, there is no basis for granting summary judgment. Consequently, the trial court's grant of summary judgment is overturned.[1]

---

1. Our conclusion means that we have no occasion to reach Wilkinson's argument regarding what constitutes a "medical emergency." Wilkinson asks this court to make a bright line ruling that defines "medical emergency" for the purposes of FELA as a time when an employee becomes unconscious or otherwise helpless. We do note, however, that the language in *Handy v. Union Pacific Railroad* defining "medical emergency," relied on by Wilkinson, is not on point.

Reversed and remanded for further proceedings.

Chief Justice HOWE, Associate Chief Justice DURHAM, and Justice STEWART concur in Justice ZIMMERMAN's opinion.

Justice RUSSON concurs in the result.

841 P.2d 1210, 1221 (Utah Ct.App.1992). The *Handy* court's discussion of the third element of a FELA claim, the employer's duty and breach of duty, and when an employer owes an employee a duty to render medical assistance under traditional negligence standards cannot properly be relied upon to determine the first and jurisdictional element of a FELA case—the point at which an individual becomes injured or ill for purposes of determining the scope of employment. *See id.*