2006 UT App 33

**MACRIS & ASSOCIATES, INC.,**
Plaintiff and Appellant,

v.

**NEWAYS, INC.; Thomas E. Mower; and Leslie D. Mower, Defendants and Appellees.**

No. 20041007–CA.

Court of Appeals of Utah.

Feb. 2, 2006.

M. David Eckersley, Prince Yeates & Geldzahler, Salt Lake City, for Appellant.

Mark R. Gaylord and Craig H. Howe, Ballard Spahr Andrews & Ingersoll, Salt Lake City, for Appellees.

Before BENCH, P.J., DAVIS, and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

¶ 1 Plaintiff Macris & Associates, Inc. (Macris) appeals a summary judgment order in favor of Defendants Neways, Inc. (Neways) and Thomas E. Mower and Leslie D. Mower (the Mowers). Macris asserts that the district court erred in granting Defendants' motion for a protective order, denying Macris's motion to compel discovery, and granting Defendants' motion for summary judgment. We reverse and remand for further proceedings.

## FACTS

¶ 2 In 1995, Macris filed a complaint against Defendants pursuant to three theories: fraudulent conveyance, alter ego, and successor corporation. The complaint alleged that in 1992 the Mowers transferred all the assets of Images & Attitude, Inc. (Images) to Neways, the Mowers' newly formed corporation. At the time of the alleged transfer, Macris had a pending breach of contract claim against Images. In that case, the district court ultimately held, and we affirmed, that Images breached its contract and awarded damages to Macris. See Macris & Assocs., Inc. v. Images & Attitude, Inc., 941 P.2d 636 (Utah Ct.App.1997) (Macris I).

¶ 3 Macris later claimed in its action against Defendants that because Defendants transferred Images's assets to Neways, Images no longer maintained the necessary assets to satisfy a judgment in Macris I. Defendants moved for summary judgment, arguing that the judgment in Macris I barred the claim under principles of res judicata. Macris also moved for summary judgment based on successor liability. The district court held that res judicata barred all claims except successor liability, and on that theory granted Macris's motion for summary judgment. Both parties appealed, and this court reversed the summary judgment. See Macris & Assocs., Inc. v. Neways, Inc., 1999 UT App 230, 986 P.2d 748 (Macris II). We held that the claim-preclusion prong of res judicata did not apply and that issues of fact remained on the claim of successor liability. See id. at ¶¶ 15–16. After granting certiorari, the Utah Supreme Court affirmed that claim preclusion did not bar the action, but held that the issue-preclusion prong of res judicata limited the damages to those awarded in Macris I. See Macris & Assocs., Inc. v. Neways, Inc., 2000 UT 93, ¶ 47, 16 P.3d 1214.

¶ 4 On remand to the district court, Macris sent Images a written demand for payment. Neways International, Inc., another corporation owned by the Mowers, promptly satisfied the demand. Defendants then moved for summary judgment, asserting that the case is now moot because the claim was satisfied. Macris resisted, contending that because Defendants' actions compelled Macris to file Macris II, it was entitled to attorney fees as consequential damages under the third-party litigation exception.[1] The district court granted Defendants' summary judgment motion.

1. "The long-standing rule in Utah is that attorney    fees cannot be recovered unless provided for by

¶ 5 On appeal, this court held that Macris could seek attorney fees under the third-party litigation exception if it could establish that "Neways is the alter ego of Mowers" or if "Neways is the successor corporation," both questions of fact that precluded summary judgment. *Macris & Assocs., Inc. v. Neways, Inc.,* 2002 UT App 406, ¶¶ 20–21, 60 P.3d 1176 (*Macris III* ). We additionally held that "in order to recover attorney fees under the third-party litigation exception, Macris must show that *Macris II* was a natural consequence of Images's breach and that it was necessary to bring the action. This is also a question of fact inappropriate for summary judgment." *Id.* at ¶ 22 (citation omitted).

¶ 6 Upon remand, Macris served discovery. Defendants objected to each interrogatory with the following response:

Defendants object to this interrogatory as irrelevant and not likely to lead to the discovery of admissible evidence. This action has been remanded to the District Court by the Court of Appeals for the express purpose of reaching a determination as to the propriety of awarding [Macris] attorney fees against Defendants under the third-party litigation exception to the general rule that attorney fees are not recoverable in an action for breach of contract unless expressly provided for in the contract. In order to make this determination, [Macris] must show that this action "was a natural consequence of Image's breach and that it was necessary to bring the action." [*Macris III,* 2002 UT App 406 at ¶ 22, 60 P.3d 1176.] Unless and until [Macris] can show that this action was necessary in order to collect the judgment against Images and that [Macris] incurred attorney fees in pursuing the debt against Images, the parties do not need to address successor liability, alter ego liability, and/or fraudulent conveyance. Because [Macris] has not yet shown that attorney fees were accrued in pursuing the judgment against Images, the issues of successor and alter ego liability and fraudulent conveyance that are addressed in this interrogatory are irrelevant and not likely to lead to the discovery of admissible evidence.

Macris moved to compel discovery, and Defendants sought a protective order. The district court denied Macris's motion and granted Defendants' protective order. The district court ordered that it "hereby bifurcates the issues of whether *Macris II* was a natural consequence of Images's breach and, therefore, necessary to obtain satisfaction of judgment, and this issue shall be tried before other issues, if any, in this case."

¶ 7 Defendants then moved for summary judgment, claiming that Macris failed to come forward with affirmative evidence that *Macris II* was necessary. Macris resisted the motion, urging that the complaint and the history of the parties' litigation raised reasonable inferences that would preclude summary judgment. The district court granted Defendants' motion, holding that Macris failed to produce evidence "to prove that this action was a natural consequence of the alleged fraudulent conveyance by [Images] and that it was necessary to file this action." Macris now appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 8 Macris first asserts that the district court erred in denying its motion to compel discovery and granting Defendants' motion for a protective order. The district court's rulings on motions to compel and protective orders are reviewed for an abuse of discretion. *See Pack v. Case,* 2001 UT App 232, ¶ 16, 30 P.3d 436.

¶ 9 Macris next contends that the district court erred in granting Defendants' motion for summary judgment. "[I]n reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the

statute or contract." *Macris & Assocs., Inc. v. Neways, Inc.,* 2002 UT App 406, ¶ 13, 60 P.3d 1176 (quotations and citation omitted) (*Macris III* ). However, "[a] well-established exception to this general rule allows recovery of attorney fees as consequential damages, but only in the

limited situation where the defendant's [wrongful conduct] foreseeably cause[s] the plaintiff to incur attorney fees through litigation with a third party." *Id.* (second and third alterations in original) (quotations and citation omitted).

nonmoving party." *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993). "Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Because entitlement to summary judgment is a question of law, we accord no deference to the trial court's resolution of the legal issues presented." *Macris III*, 2002 UT App 406 at ¶ 11, 60 P.3d 1176 (quotations and citations omitted).

## ANALYSIS

### I. Discovery

¶ 10 Macris contends that the district court erred in denying its motion to compel discovery and granting Defendants' protective order. Discovery "which will aid ... in identifying, narrowing and clarifying the issues on which contest may prove to be necessary" should be liberally permitted. *State Road Comm'n v. Petty*, 17 Utah 2d 382, 412 P.2d 914, 917 (1942).

¶ 11 This court previously held that Macris may seek attorney fees if it could establish that "Neways is the alter ego of Mowers" or that "Neways is the successor corporation." *Macris III*, 2002 UT App 406, ¶¶ 20–21, 60 P.3d 1176. We also held that "in order to recover attorney fees under the third-party litigation exception, Macris must also show that *Macris II* was a natural consequence of Images's breach and that it was necessary to bring the action." *Id.* at ¶ 22.

¶ 12 Defendants refused to answer Macris's discovery requests. Defendants asserted that the interrogatories improperly pertained not to the dispositive question of whether "this action was necessary to collect the judgment against Images," but to the issues of fraudulent conveyance, alter ego, and successor corporation.[2] Presumably, Defendants reasoned that if Images maintained enough assets to satisfy its debt to Macris then *Macris II* would prove unnecessary, regardless of the veracity of the claims of fraudulent conveyance, alter ego, and successor corporation.

¶ 13 Upon granting Defendants' protective order, the district court limited discovery to the issue of whether "the action was necessary to recover [Macris's] claim against Images." Notably, interrogatory no. 13 inquired, "What assets owned by [Images] as of August 30, 1992, were not acquired by [Neways] pursuant to the Asset Purchase Agreement dated August 31, 1992." An answer to this inquiry would have demonstrated whether Images maintained enough assets to satisfy its debt to Macris. Therefore, the interrogatory was directly relevant to the issue of whether *Macris II* was necessary. In denying Macris's motion to compel discovery, the district court therefore abused its discretion. *See Pack v. Case*, 2001 UT App 232, ¶ 16, 30 P.3d 436 (holding that we review motion to compel rulings for an abuse of discretion).[3]

### II. Summary Judgment

¶ 14 Macris contends that the district court erred in granting summary judgment, claiming that Defendants failed to meet their burden of establishing a lack of a genuine issue of material fact pursuant to rule 56 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 56.

¶ 15 Defendants argue that they are entitled to summary judgment pursuant to *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The *Celotex* Court held that there is "no express or

---

2. Defendants assert that because Macris did not demand payment from Images until 2001, which payment was promptly satisfied, one could never know whether *Macris II*, filed in 1995, was necessary. Macris asserts, however, that as of 1992, Images no longer maintained the necessary assets to satisfy the judgment, and therefore, any attempt to demand payment would have proven fruitless. Moreover, the judgment represented a liquidated claim that Images was surely free to pay at any time—it was not required to await a formal demand.

3. Defendants also contend that because Macris failed to marshal relevant evidence in the record, any error in denying Macris's discovery request is harmless. We have reviewed the portions of the record Defendants refer to in support of this assertion. The evidence in the record does not provide the information Macris sought in discovery; therefore, Defendants' argument fails.

implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar material negating the opponent's claim." *Id.* at 323, 106 S.Ct. 2548. The moving party's burden is discharged by a mere " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

¶16 Utah courts have "not previously adopted the reasoning of the majority opinion in *Celotex,* which is not binding on us as a matter of law, and [this court] declines to do so today." *Harline v. Barker,* 912 P.2d 433, 445 n. 13 (Utah 1996). Contrary to the rationale of *Celotex,* the Utah Supreme Court noted in *Wilkinson v. Union Pacific Railroad Co.,* 975 P.2d 464, 465 (Utah 1998), that the moving party (the defendant) "ha[d] not supported its motion for summary judgment—it ha[d] offered no affidavits showing that the facts [were] undisputed facts. Because [the defendant had] offered no affidavits disputing [the plaintiff's] allegations, it ha[d] not met its burden of showing there [were] no material issues of fact. Consequently, [the plaintiff] may rely on the allegations in her pleadings." *Id.*

¶17 In the present case, because Defendants did not offer any evidence to support their motion for summary judgment, Macris could rely on the allegations in its pleadings. When viewed in the light most favorable to Macris, material issues of fact preclude summary judgment. *See Macris III,* 2002 UT App 406,¶ 11, 60 P.3d 1176.

¶18 It is worth noting that, even under *Celotex,* summary judgment is not sustainable. In *Celotex,* "[t]he parties had conducted discovery." *Celotex,* 477 U.S. at 326, 106 S.Ct. 2548. In our case, the district court denied Macris's discovery requests. In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), decided the same day as *Celotex,* the Supreme Court confirmed that the nonmoving party " 'must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* at 248, 106 S.Ct. 2505 (quoting Fed.R.Civ.P. 56(e)). However, the Court clarified that "[t]his requirement in turn is qualified by Rule 56(f)'s provision that summary judg-

ment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. 2505. Because the district court denied Macris the opportunity to discover essential information, even under *Celotex* summary judgment was not proper. We agree with Macris that "[i]t was error for the court below to grant summary judgment because [Macris] did not proffer the evidence which [that] court has previously ruled Defendants did not have to provide to [Macris]."

## CONCLUSION

¶19 The district court abused its discretion in denying Macris's motion to compel discovery. Further, because issues of fact remain, the district court erred in granting summary judgment. Despite the long history of this litigation, we must reverse for further proceedings consistent with this opinion.

¶20 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.