325 P.2d 906

PACIFIC COAST TITLE INSURANCE COMPANY, a corporation, Plaintiff and Respondent,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, a corporation, Defendant and Appellant.

No. 8720.

Supreme Court of Utah.

May 20, 1958.

378

Moreton, Christensen & Christensen, Salt Lake City, for appellant.

Harry Pugsley, Salt Lake City, for respondent.

CROCKETT, Justice.

This case is cognate to Prudential Federal Savings & Loan Association v. Hartford Accident & Indemnity Co., 7 Utah 2d 366, 325 P.2d 899, and the background facts set forth therein are pertinent here. The plaintiff, Pacific Coast Title Company, was involved in the transaction because it wrote the policies of title insurance on the homes constructed in the Morningside Heights Subdivision. The contract required it to issue a policy on each home before the mortgage was accepted and the loan approved by Prudential Federal Savings Company so money could be advanced under the progress payment plan. This necessitated the issuance of policies before the rights of materialmen and laborers had been concluded. The hazard of such procedure was obvious to the parties. It was for that reason that the plaintiff Title Company was made obligee on Hartford's bond which recited that it would be saved harmless from defaults on the part of the contractor, Cassady Co., Inc., one of whose contractual duties was to "keep and maintain each lot or building site free and clear of labor and material liens."

Because of Cassady's failures to meet payments to its subcontractors, laborers and

materialmen, a number of them filed and sought to foreclose liens against the homes. Plaintiff Title Company, in accordance with its commitment to keep title to the properties unencumbered, engaged counsel to interpose defenses to the foreclosure of the liens; eventually settlement was arranged and they were paid. The basis of the judgment here is for reimbursement for attorney's fees and costs it incurred in defending against foreclosure of the liens.

■ The attack Hartford makes upon the judgment is that plaintiff's expenses for attorney's fees should not have been allowed because they are not generally recoverable unless expressly provided for by contract or authorized by statute.[1] That such is the general rule we agree. But it applies to claims for attorney's fees within the action itself, and not to situations such as the instant one.

■■ The rule as to what damages are recoverable for breach of contract is based upon the concept of reasonable foreseeability that loss of such general character would result from the breach. Therefore, to be compensable, the loss must result from the breach in the natural and usual course of events, so that it can fairly and reasonably be said that if the minds of the parties had adverted to breach when the contract was made, loss of such character would have been within their contemplation.[2]

■ Applying the above rule to this case: it could reasonably be foreseen that the natural and usual consequence of Cassady's failure to pay the laborers and materialmen would bring about the series of events which occurred: that liens would be filed and legal proceedings instituted to enforce them; that plaintiff Title Company, having the duty to keep the titles clear, would interpose defenses and attend to some disposition of the claims, which would require the services of attorneys and court costs incidental thereto. That is the type of loss for which Hartford's bond was given to guard against.

Affirmed. Costs to plaintiff.

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

1. See Dahl v. Prince, 119 Utah 556, 230 P.2d 328; St. Joseph Stock Yards Co. v. Love, 57 Utah 450, 195 P. 305, 25 A.L.R. 569; United States Fidelity & Guaranty Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007; 15 Am.Jur. p. 550; and 25 C.J.S. Damages § 50, p. 531.

2. See Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. (1854); see also, Sprague v. Boyles Bros. Drilling Co., 4 Utah 2d 344, 294 P.2d 689; Restatement of Contracts Sec. 330; 25 C.J.S. Damages § 23, p. 480, and 15 Am.Jur. 451.