**Myrne M. COLLIER, as personal representative of the Estate of James A. Collier, Plaintiff and Appellee,**

v.

**Kerry M. HEINZ and Southwest Virginia Shopping Center Associates, a Utah limited partnership, Defendants and Appellants.**

No. 900138–CA.

Court of Appeals of Utah.

March 19, 1992.

James R. Brown, Salt Lake City, for defendants and appellants.

Randy S. Feil, Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

Defendant Heinz appeals the trial court's judgment interpreting a settlement agreement in favor of plaintiff, the personal representative of the Estate of James A. Collier. Heinz also appeals the trial court's award of attorney fees to the estate. We affirm the trial court's interpretation of the

settlement agreement and reverse the award of attorney fees.

## FACTS

Defendant Heinz and James Collier were business partners in a number of general and limited partnerships. Upon Collier's death, Heinz and some of these partnerships brought claims against Collier's estate relating to the partnership agreements. Similarly, the estate filed claims against Heinz and many of the partnerships.

On February 12, 1988, after months of negotiations, the estate and Heinz, both represented by counsel, entered into a settlement agreement. In this agreement, Heinz gave up certain rights and claims against the estate in consideration for the estate's release of some of its rights and claims against Heinz. Subsequent to this agreement, a dispute arose over the rights of Heinz and the estate concerning the distribution of assets from one of their dissolved partnerships. Under the settlement agreement, the estate maintained a fifty percent general partnership interest in that partnership. The trial court held that the language of the settlement agreement entitled the estate to receive $97,110.49 more than the amount Heinz originally distributed to it. Additionally, the trial court awarded the estate $18,579.00 in attorney fees which, the court held, were the foreseeable consequential damages of Heinz's breach of the settlement agreement.

■ Heinz raises two issues on appeal. First, Heinz asserts that the trial court incorrectly interpreted the settlement agreement. He concedes that his initial disbursement to the estate was too low, but contends that the trial court's award was some $43,000 too high under the provisions of the settlement agreement. Second,

Heinz argues that the trial court incorrectly awarded attorney fees to the estate because no attorney fees provision was included in the agreement.

We see no error in the trial court's construction of the settlement agreement and its general damages award to the estate based thereon.[1] Therefore, we turn to the difficult issue of the award of attorney fees.

## ATTORNEY FEES

■ The trial court's award of attorney fees poses an intriguing question: whether a party may recover attorney fees as consequential damages in a breach of contract action, when no contractual or statutory provision authorizes an award of fees. The long-standing rule in Utah is that attorney fees cannot be recovered unless provided for by statute or contract. *See, e.g., Turtle Management, Inc. v. Haggis Management,* 645 P.2d 667, 671 (Utah 1982); *Walker v. Sandwick,* 548 P.2d 1273, 1274 (Utah 1976); *B & R Supply Co. v. Bringhurst,* 503 P.2d 1216, 1217 (Utah 1972); *Blake v. Blake,* 412 P.2d 454, 456 (Utah 1966); *Pacific Coast Title Ins. Co. v. Hartford Accident & Indem. Co.,* 325 P.2d 906, 907 (Utah 1958); *Kidman v. White,* 378 P.2d 898, 899 & n. 2 (Utah 1963); *Hawkins v. Perry,* 253 P.2d 372, 377 (Utah 1953).

■ A well-established exception to this general rule allows recovery of attorney fees as consequential damages, but only in the limited situation where the defendant's breach of contract foreseeably caused the plaintiff to incur attorney fees through litigation with a third party. *See* D. Dobbs, *Remedies* § 3.8, at 195 (1973); *South Sanpitch Co. v. Pack,* 765 P.2d 1279, 1282–83 (Utah App.1988). *See also Pacific Coast Title,* 325 P.2d at 907 (discussed and clarified in *South Sanpitch* ). Under the third-

---

1. Both parties agree that the language of the agreement is clear and unambiguous and that interpretation of the agreement is, therefore, a matter of law. After fully considering the arguments of Heinz and the estate, we are persuaded that the trial court correctly held that Heinz breached the settlement agreement by failing to pay the estate its complete distributive share of the dissolved partnership. We also conclude that the trial court correctly awarded the estate $97,110.49 as the remaining portion of its distributive share due under the settlement agreement. Therefore, we affirm the trial court's interpretation of the agreement and the judgment awarded to the estate as its rightful distributive share of the dissolved partnership.

party attorney fees exception, only the fees incurred in litigation with the third party are recoverable as consequential damages. *See South Sanpitch,* 765 P.2d at 1282–83. Hence, even under the third-party exception, attorney fees incurred in litigation between the contracting parties are not recoverable by the non-breaching party as damages.

■ Plaintiff claims that the trial court's award of attorney fees was correct under *Canyon Country Store v. Bracey,* 781 P.2d 414 (Utah 1989). In *Bracey,* the Utah Supreme Court allowed recovery of attorney fees as consequential damages in an action for breach of an insurance contract. The court permitted the recovery of attorney fees even though no statutory or contractual provision allowed such recovery, and even though third-party litigation was not involved. *Id.* 781 P.2d at 419–20.

At first blush, *Bracey* seems to represent a quantum leap in the application of the third-party consequential damages exception. However, although *Bracey* allows a non-traditional recovery of attorney fees as consequential damages, it is necessary to view *Bracey* in its proper context.

*Bracey* is the most recent decision in a trilogy of Utah Supreme Court holdings which attempts to define the peculiar characteristics of insurance contracts. In these opinions, the Court explores the possible remedies available to an insured when an insurer breaches its duties under such a contract. *See id.* at 419–20; *Zions First Nat'l Bank v. National Am. Title Ins.,* 749 P.2d 651, 656–57 (Utah 1988); *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 801–02 (Utah 1985). In *Beck,* the Court held that insurance companies have an implied duty to perform their contracts in good faith. *Beck,* 701 P.2d at 801. Speculating on what kinds of damages might be awarded under a breach of an implied covenant of good faith, the Supreme Court noted that attorney fees may be recoverable as consequential damages. *Id.* at 801–02. In *Zions,* the Court expounded on the dicta in *Beck,* stating hypothetically that an in-sured could recover attorney fees as consequential damages if an insurance company breached the implied covenant to perform its insurance contracts in good faith. *Zions,* 749 P.2d at 657. *Bracey* is merely an actualization of the hypothetical articulated in *Zions. See also Moore v. Energy Mut. Ins. Co.,* 814 P.2d 1141, 1147–48 (Utah App.1991) (reversing trial court's ruling that, in context of insurance contract, attorney fees can not be recovered unless they are provided for in the text of contract).

The juxtaposition of *Bracey* and its precursors with the long-standing general rule reveals a problematic conflict. However, there is a logical way to reconcile the seemingly contradictory positions. The award of attorney fees as consequential damages, outside the context of statutory and contractual authorization, should be limited to the two situations noted above: insurance contracts and the third-party exception.

*Bracey, Zions,* and *Beck* all deal with the issue of awarding damages when an insurer in some way breaches its contract with an insured. No reported decision in Utah has applied the *Bracey* consequential damages theory outside the context of insurance contracts. Moreover, a broad application of *Bracey* is not reasonable because it would eviscerate the general rule; attorney fees would be awarded virtually every time a party is found in breach of its contract. It is unlikely that the Supreme Court intended such a drastic result, since the Court continues to refer to the general rule as though it had continued significance. *See Bracey,* 781 P.2d at 419. Similarly, it is unlikely the Supreme Court intended such a major departure from the long-standing rule without specifically saying so.

A reasonable interpretation of *Bracey,* then, is to confine its authorization of an award of attorney fees as consequential damages, incurred in litigation against the other party to the contract, to the limited situation where an insurer breaches its contract with an insured. Since the contract in

the present case is not insurance related, the *Bracey* exception does not apply. Neither does the third-party exception. Therefore, we rely on the general rule, and disallow the award of attorney fees since there is no contractual or statutory basis for such an award.

While we otherwise affirm, we vacate the trial court's award of attorney fees.

BENCH and JACKSON, JJ., concur.