**NATIONAL LOAN INVESTORS, L.P.,**
a Delaware limited partnership,
**Plaintiff and Appellant,**

v.

**Charles J. GIVENS, Jr.; Dolphin Limited Partnership, a Utah limited partnership; Whale Limited Partnership, a Florida limited partnership; and Iris Limited Partnership, a Florida limited partnership, Defendants and Appellees.**

No. 960501.

Supreme Court of Utah.

Jan. 30, 1998.

Bryce D. Panzer, Salt Lake City, for plaintiff and appellant.

Steven W. Call, Cameron M. Hancock, Salt Lake City, for defendants and appellees.

STEWART, Justice:

National Loan Investors, L.P., filed a complaint under Utah's Uniform Fraudulent Transfer Act to set aside transfers of property by defendant Charles J. Givens to the other defendants, Dolphin Limited Partnership, Whale Limited Partnership, and Iris Limited Partnership, which are entities controlled by Givens. National Loan also sought to enjoin any further transfers of property by Givens. The trial court granted defendants' motion to dismiss for failure to state a claim, and National Loan appealed.

National Loan purchased a promissory note from The First Union National Bank of Florida that was guaranteed by Givens and secured by a mortgage on real estate and personal property in Florida. First Union had made a substantial loan to Delta Capitol Development Corporation, the company that executed the note guaranteed by Givens. When Delta defaulted, First Union filed an action to judicially foreclose on the collateral.

A Florida trial court entered an "Agreed Final Judgment of Foreclosure Only" and stated that the sum of $3,111,290.06 was due and owing on the note as of August 11, 1995. National Loan purchased the note and the judgment on November 10, 1995, and was substituted as plaintiff in the Florida action. In February 1996, the real estate and personal property given as collateral were sold at an appraised value of $1,400,000. National Loan then moved for entry of a deficiency judgment for the balance of the obligation.

After filing its motion for a deficiency judgment in the Florida court but before that court ruled on the motion, National Loan filed the instant action in Utah,[1] under Utah's Uniform Fraudulent Transfer Act, Utah Code Ann. §§ 25-6-1 to -13. National Loan sought to set aside transfers by Givens of several parcels of real estate in Summit County, Utah, to or through defendants Dolphin, Whale, and Iris Limited Partnerships. The complaint alleges, "Givens was, and presently is, the owner of and/or person in control of Whale, Iris, and Dolphin, and/or the person for whose benefit Whale, Iris, and Dolphin were formed, operated, and maintained." National Loan's complaint alleged that Givens' transfers were made with the intent to hinder, delay, or defraud creditors, that they were made for less than their "reasonably equivalent value," *see* § 25-6-5(1), and that Givens was insolvent at the time of the transfers or became insolvent as a result thereof. National Loan sought to have the transfers set aside or, in the alternative, judgment entered for the value of the assets transferred, to the extent necessary to satisfy National Loan's claim.

Defendants moved to dismiss National Loan's complaint for failure to state a claim upon which relief could be granted, Utah R. Civ. P. 12(b)(6), on the ground that National Loan could not proceed under the Fraudulent Transfer Act in Utah until National Loan possessed a final judgment of foreclosure from the Florida court. The district court granted the motion to dismiss, and National Loan appealed.

In support of the trial court's decision, defendants argue that (1) National Loan is not a creditor for purposes of the Fraudulent Transfer Act until National Loan obtains a deficiency judgment; (2) Utah's Foreign Judgment Act requires National Loan to obtain a final judgment in the Florida court before it files suit under Utah's Fraudulent Transfer Act; and (3) the one action rule, *see* Utah Code Ann. § 78-37-1, bars National Loans' action under the Fraudulent Transfer Act before a deficiency judgment is entered.

■ National Loan argues that it is a creditor under the plain language of the Fraudulent Transfer Act; that the trial court misapplied Utah's Foreign Judgment Act; and that the remedies provided by the Fraudulent Transfer Act are not incompatible with the procedural restrictions imposed by the one action rule. On appeal from a judgment dismissing a complaint for failure to state a claim, we review the trial court's legal conclusion as to the sufficiency of the complaint with no deference, treat the factual allegations in the complaint as true, and recite the facts alleged in the light most favorable to the plaintiff. *Roark v. Crabtree*, 893 P.2d 1058, 1059 (Utah 1995).

## I. UTAH'S FRAUDULENT TRANSFER ACT

■ We turn first to defendants' argument that National Loan has not stated a claim for relief under the Fraudulent Transfer Act. The Utah Act is a codification of the common law that provided a remedy against debtors who sought to conceal their assets from creditors.[2] "The law has long held that transfers of property designed to place a debtor's assets beyond the reach of the debtor's creditors are void as to the creditors." *Butler v. Wilkinson*, 740 P.2d 1244, 1260 (Utah 1987) (citing early common law cases). Because the Fraudulent Transfer Act is remedial in nature, it should be liberally construed. *Id.* at 1260.

The Act broadly defines the word "creditor" to mean any person who has a claim, and the term "claim" is also broadly defined as "a right to payment." Utah Code Ann. § 25-6-2(3), (4). Section 25-6-5 of the Act provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose

---

1. National Loan states that it did not wait for a final judgment to be entered in the Florida judicial foreclosure action because the statute of limitations applicable to Utah's Fraudulent Transfer Act would have likely expired before the final judgment was rendered.

2. The Uniform Act was first adopted in Utah in an earlier version—the Uniform Fraudulent Conveyance Act. *See* 1925 Utah Laws ch. 42.

before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> (a) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation; and the debtor:
>
> > (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> >
> > (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Utah Code Ann. § 25–6–5. Section 25–6–6 provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:
>
> > (a) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
> >
> > (b) the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation.
>
> (2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time, and the insider had reasonable cause to believe that the debtor was insolvent.

Utah Code Ann. § 25–6–6.

To state a claim for relief, a plaintiff must allege that he or she is a creditor who has a right to payment from the defendant and that the defendant has made transfers of property or incurred obligations that meet the criteria of sections 25–6–5 and –6.

National Loan's complaint alleges that Givens incurred a substantial personal liability as guarantor on an undersecured promissory note, that Givens conveyed properties he personally owned in Utah without receiving reasonably equivalent value for them and thereby became unable to meet his debt obligations, and that Givens transferred his Utah properties with the intent of concealing his assets so that National Loan could not reach those assets when it obtained a final deficiency judgment in Florida. National Loan argues that Givens' actions are precisely what the Utah Fraudulent Transfer Act was intended to prevent and that the Act affords it a remedy in the form of a right to void the transfers.

■ Givens asserts that National Loan is not a "creditor" under the Act until it receives a final judgment in the Florida court and therefore is not entitled to a remedy. That position is untenable.

As noted, the Act defines a creditor as "a person who has a claim." Utah Code Ann. § 25–6–2(4). *A "claim" is* in turn defined as *"a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."* Id. § 25–6–2(3) (emphasis added).

We take as true for the purpose of this appeal National Loan's allegations that it holds a promissory note from Givens on which more than $3,000,000 is owed, that National Loan has commenced a judicial foreclosure of collateral which has been appraised at approximately $1,400,000, and that as a result there remains a substantial deficiency that can be satisfied only via Givens' personal assets. These allegations clearly allege a "claim" as the Act defines that term. The claim is, of course, not reduced to "judgment" and is "unliquidated" and "contingent" because the Florida court has not entered a final order declaring the existence or the amount of a deficiency. Nevertheless, the allegations of the amount of the debt and of the appraisal value of the collateral indicate the existence of a claim by National Loan. Moreover, it is of no consequence that the claim is actively disputed by defendants. These factors do not make National Loan's "claim" any less valid under the express

terms of the Act. In short, National Loan's complaint states a claim for relief.

 Givens also argues that National Loan cannot maintain its action because National Loan has not domesticated a Florida judgment pursuant to the Utah Foreign Judgment Act. While it is clear that Utah courts cannot enforce a foreign judgment that has not yet been rendered or finalized in another state's court, the Foreign Judgment Act does not preclude any original claim that is independently available under the laws of this state. National Loan did not ask the Utah district court to enforce a judgment issued by another court. Rather, National Loan seeks to avoid transfers of property that may affect its rights as a putative judgment creditor. The Florida action is relevant only to the extent that it evidences National Loan's status as a putative creditor.

 Finally, Givens contends that National Loan's suit must be dismissed because it violates the "one action" rule. The one action rule is prescribed by Utah Code Ann. § 78–37–1:

> There can be but one action for the recovery of any debt or the enforcement of any right secured solely by mortgage upon real estate which action must be in accordance with the provisions of this chapter.

This provision regulates the procedure by which a creditor may sue for a debt secured by a mortgage on real estate. We have held that under this section, " 'there is no personal liability on the part of the mortgagor until after foreclosure or sale of the security and then only for the deficiency then remaining unpaid; a mortgagee may not have a personal judgment against the mortgagor until the security has first been exhausted.' " *Lockhart Co. v. Equitable Realty Inc.*, 657 P.2d 1333, 1334 (Utah 1983) (quoting *First Nat'l Bank of Coalville v. Boley*, 90 Utah 341, 344, 61 P.2d 621, 623 (1936)). "[T]he underlying purpose of the single-action statute is to preclude the creditor from waiving the security and suing directly on the contract to pay money and hold the debtor rather than the security primarily liable." *Bank of Ephraim v. Davis*, 581 P.2d 1001, 1003 (Utah 1978).

The one action rule does not provide a basis for dismissing National Loan's suit.[3] The remedy of avoiding transfers of property by Givens to the other defendants does not violate any procedural principle of the one action rule. National Loan merely seeks to avoid certain transfers of property by Givens to the other defendants. This does not constitute "suing directly on the contract to pay money." If the district court grants National Loan the relief it requests, the result would simply place the various parcels of real estate back in Givens' possession. Thus, a judgment granted pursuant to the Fraudulent Transfer Act would not by itself accord National Loan any right to take or receive the property in Utah to satisfy Givens' debt. It simply preserves those assets to the extent National Loan can demonstrate that such is necessary to protect its rights as a creditor.

In sum, the trial court erred in dismissing the complaint for failure to state a claim.

Reversed and remanded for further proceedings.

ZIMMERMAN, C.J., and HOWE, Associate C.J., and DURHAM and RUSSON, JJ., concur in Justice STEWART's opinion.

---

**3.** National Loan has not argued that the one action rule is inapplicable because the collateral included personal property.