2006 UT App 496

**Richard GARDINER, Plaintiff and Appellant,**

v.

**Betty YORK and Interport, Inc., Defendants and Appellee.**

**No. 20051162–CA.**

Court of Appeals of Utah.

Dec. 14, 2006.

James K. Slavens, Fillmore, for Appellant.

A. Samuel Primavera, Riverton, for Appellee.

Before Judges BILLINGS, McHUGH, and THORNE.

## OPINION

McHUGH, Judge:

¶ 1 Richard Gardiner appeals from the trial court's order denying his motion for attorney fees. In this case, we examine whether attorney fees incurred in pursuing a fraudulent transfer action are recoverable as consequential damages stemming from a prior breach of contract. Because we hold that the trial court failed to engage in the appropriate analysis of this issue, we remand for

1. William York Sr. passed away during this time and was not a party to the fraudulent transfer action.

further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 Gardiner obtained a judgment of $7182, plus interest and costs, against Interport, Inc. (Interport) for breach of contract. The breach of contract suit was tried and decided in Virginia. Gardiner then domesticated the judgment in Utah.

¶ 3 While the Virginia action was underway, Interport's president, William York Jr., transferred Interport's only asset, a warehouse in Delta, Utah, to his parents, William York Sr. and Betty York. After the judgment was domesticated, Gardiner filed a petition for relief in Utah against Interport and Betty York,[1] alleging that the transfer of the warehouse was fraudulent. Gardiner sought either a judgment lien or avoidance of the transfer. *See* Utah Code Ann. § 25-6-8 (1998) (setting forth the remedies of creditors who seek relief from debtors' fraudulent transfer of assets). The trial court entered a default judgment against Interport after it failed to defend. A bench trial was held with Betty York as the remaining defendant. The trial court found that Interport had transferred the warehouse with the intent to defraud Gardiner and authorized a judgment lien against the property.[2]

¶ 4 Gardiner then filed a motion to recover the attorney fees he incurred in pursuing the fraudulent transfer litigation. The trial court denied the motion. When the trial court denied Gardiner's motion to reconsider the attorney fee ruling, he appealed.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 The sole issue on appeal is whether the trial court erred in denying Gardiner's request for attorney fees. Whether attorney fees should be awarded is a legal issue that we review for correctness. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 315 (Utah 1998).

2. Betty York appealed the trial court's ruling that the transfer was fraudulent. We affirmed the trial court's decision in *Gardiner v. York,* 2006 UT App 433, 2006 WL 2979447 (mem.) (per curiam).

## ANALYSIS

### I. The Trial Court's Decision

¶ 6 Gardiner requested an award of attorney fees at the conclusion of trial. The trial court denied the motion, reasoning that there was "no basis[,] either statutory or contractual[,] why the fees should be awarded." Gardiner then filed a motion to reconsider,[3] clarifying that his argument for attorney fees was based on the "third-party litigation exception" to the general rule that attorney fees are only recoverable when authorized by statute or contract. In his memorandum in support of his motion to reconsider, Gardiner cited *Macris & Associates v. Neways, Inc.*, 2002 UT App 406, 60 P.3d 1176, and *Collier v. Heinz*, 827 P.2d 982 (Utah Ct.App.1992), for the principle that attorney fees may be recoverable as consequential damages in the limited situation where the defendant's breach of contract[4] foreseeably caused the plaintiff to incur attorney fees in litigation with a third party. *See Macris*, 2002 UT App 406 at ¶¶ 13–14, 60 P.3d 1176; *Collier*, 827 P.2d at 983–84. The trial court, however, again denied attorney fees, this time stating that

> [Gardiner] ... cites the [c]ourt to the case of [*Collier*] for the proposition that there is a "third party exception" to the general rule that a court should not award attorney[ ] fees unless there is a statutory or contractual basis to do so. The [c]ourt finds the *Collier* decision to be limited only to the situation where an insurer breaks its contract with an insured, which is not the situation in the present case.

Although the trial court correctly noted that *Collier* identified a right to attorney fees that is unique to the insurance context, it confused that rule with the more general third-party litigation exception. *See* 827 P.2d at 984. "Under the third-party attorney fee[ ] exception, only the fees incurred in litigation with the third party are recoverable as consequential damages." *Id.* at 983–84. Attorney fees may not be awarded under the third-party litigation exception when the litigation for which fees are sought is between the contracting parties. *See id.* at 984.

¶ 7 The *Collier* court, however, noted that the Utah Supreme Court in *Canyon Country Store v. Bracey*, 781 P.2d 414 (Utah 1989), carved out a separate exception in circumstances where an insurer breached a contract with an insured. *See* 827 P.2d at 984–85. In such direct actions between an insured and his insurer, attorney fees incurred in that action can be recovered. *See Bracey*, 781 P.2d at 420; *Collier*, 827 P.2d at 984. The insurance case rule, however, is distinct from the exception that allows the recovery of fees incurred in third-party litigation if the fees are consequential damages of the breach. The *Collier* court explained: "The award of attorney fees as consequential damages, outside the context of statutory and contractual authorization, should be limited to ... *two situations ...: insurance contracts and the third-party exception*." 827 P.2d at 984 (emphasis added); *cf. Pugh v. North Am. Warranty Servs., Inc.*, 2000 UT App 121, ¶ 21 & n. 7, 1 P.3d 570 (awarding attorney fees in a breach of insurance contract case but noting that the insurance contract exception should not be expanded beyond "the realm of contracts fairly characterized as insurance contracts").

¶ 8 The *Collier* court ultimately concluded that an award of attorney fees was inappropriate in that case because neither the third-party litigation exception nor the insurance contract exception applied. *See* 827 P.2d at 985. There, the attorney fees were incurred in a direct action between the contracting parties and the contract at issue

---

3. Although postjudgment motions to reconsider are no longer valid, *see Gillett v. Price*, 2006 UT 24, ¶¶ 7–8, 135 P.3d 861, we consider the denial of the motion to reconsider here because the motion was made before *Gillett* was issued, *see Radakovich v. Cornaby*, 2006 UT App 454, ¶ 7 & n. 4 (noting *Gillett* was to be applied prospectively).

4. Although this opinion refers to the third-party litigation exception only in the context of contract law, the exception also applies in tort law. *See South Sanpitch Co. v. Pack*, 765 P.2d 1279, 1282 (Utah Ct.App.1988) ("[W]hen the natural consequence of one's negligence is another's involvement in a dispute with a third party, attorney fees reasonably incurred in resolving the dispute are recoverable from the negligent party as an element of damages.").

was a settlement agreement rather than an insurance contract. *See id.* at 984–85. Here, the trial court's decision on Gardiner's motion to reconsider focused solely on the insurance case exception, despite the fact that the third-party litigation exception and the insurance contract exception are separate and distinct concepts. In this case, Gardiner and Interport were the contracting parties, and Gardiner sued a third party, Betty York, in the fraudulent transfer litigation.[5] Thus, although the trial court correctly rejected the insurance exception, it erred in failing to analyze whether the third-party litigation exception warranted an award of attorney fees.

## II. The Third–Party Litigation Exception as Applied to This Case

¶9 On appeal, Gardiner argues that he is entitled to an award of attorney fees because Interport's actions caused him to incur those fees in obtaining a judgment lien against the warehouse. In his brief, Gardiner argues primarily that Interport's fraudulent transfer was the wrongful act that caused him to engage in litigation with Betty York.[6] We reiterate that the third-party litigation exception "allows recovery of attorney fees as consequential damages, but only in the limited situation where the defendant's *breach · of contract* foreseeably caused the plaintiff to incur attorney fees through litigation with a third party." *Collier*, 827 P.2d at 983 (emphasis added); *see also Lewiston State Bank v. Greenline Equip., L.L.C.*, 2006 UT App 446, ¶21 (noting that the Utah Supreme Court "has allowed an award of attorney fees as consequential damages arising from a breach of contract, but only in limited contexts"). Therefore, attorney fees are recoverable under this exception only if they are caused by and are a foreseeable result of the original breach of contract, not a subsequent wrongful act.

¶10 In *Macris & Associates v. Neways, Inc.*, 2002 UT App 406, 60 P.3d 1176, this court considered the third-party litigation exception under circumstances similar to those at issue here. Plaintiff Macris originally filed suit for breach of contract against Images and Attitude, Inc. *See id.* at ¶2. Images subsequently sold its assets to Neways. *See id.* at ¶4. While the breach of contract action was pending, Macris filed suit against Neways, claiming that the transfer of assets from Images to Neways was fraudulent and left Images with insufficient assets to satisfy any judgment that Images might be required to pay as a result of the breach of contract suit. *See id.* at ¶3. Macris prevailed in the breach of contract suit and Neways International, Inc., a company separate from Neways, paid the judgment. *See id.* at ¶7. Neways then filed a motion for summary judgment in the fraudulent transfer suit, arguing that the suit was rendered moot by Neways International's payment of the judgment. *See id.* at ¶8. In response, Macris asserted that it was entitled to recover the attorney fees incurred in the fraudulent transfer action. *See id.* The trial court granted the motion for summary judgment, holding that attorney fees were not recoverable because the action arose under the Utah Uniform Fraudulent Transfer Act (UFTA), which did not contain an express provision authorizing an award of attorney fees. *See id.* at ¶9.

¶11 This court reversed, reasoning that the UFTA was a codification of the common law and should be liberally construed. *See id.* at ¶16 (" '[U]nless displaced by [the UFTA], the principles of law and equity, including merchant law and the law relating to principal and agent, equitable subordination, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement [the UFTA's] provisions.' ") (quoting

---

5. As noted, Interport was originally a defendant in the fraudulent transfer action, but after Interport failed to defend, the trial court entered a default judgment against Interport and the case went to trial against Betty York only.

6. Gardiner asserts that "[the] fraudulent transfer necessitated the litigation against Betty York to void the transfer of, or to have a judgment lien

on, the warehouse." At another point in his brief, Gardiner contends that "it was foreseeable that Interport's breach of contract and fraudulent conveyance to a third party would compel Gardiner to pursue action, thus incurring attorney[ ] fees, against Betty York in order to collect on his Virginia judgment."

Utah Code Ann. § 25–6–11 (1998)). Thus, this court in *Macris* held that "the third-party litigation exception is retained from common law and may be applied to causes of action that arise under [the] UFTA." *Id.* at ¶ 17.

¶ 12 Despite this court's holding that the failure of the UFTA to include an attorney fees provision did not necessarily bar an award of attorney fees under the third-party litigation exception, we nonetheless held that Macris had to demonstrate that the fraudulent transfer action was a natural consequence of Images's original breach of contract. *See id.* at ¶ 22. "[E]ven though Macris [was] entitled to seek attorney fees incurred in pursuing a UFTA claim using the third-party litigation exception, it [was] limited by the requirements of the exception." *Id.* at ¶ 18. Where the third-party litigation exception is at issue, and the cause of action for which attorney fees are sought arises under the UFTA, a party is not foreclosed from obtaining attorney fees merely because the UFTA contains no fee provision. However, to recover under the third-party litigation exception, the movant must show that the original breach of contract foreseeably caused it to incur attorney fees as consequential damages in the subsequent UFTA litigation with the third party. *Cf. Collier v. Heinz,* 827 P.2d 982, 983 (Utah App.1992).

¶ 13 Gardiner, therefore, has the burden of demonstrating that it was foreseeable that Interport's breach of contract would subject him to attorney fees in the fraudulent transfer action against Betty York. Whether expenses are foreseeable and therefore recoverable as consequential damages flowing from a breach of contract is a question of fact appropriately resolved by the trial court. *See Moore v. Energy Mut. Ins. Co.,* 814 P.2d 1141, 1148 (Utah Ct.App.1991). We therefore remand to the trial court for a determination of whether Gardiner's fees were a foreseeable result of Interport's breach of contract. However, "a brief discussion of [consequential damages and foreseeability] is appropriate as guidance for the trial court on

remand." *Armed Forces Ins. Exch. v. Harrison,* 2003 UT 14, ¶ 38, 70 P.3d 35. "[T]o provide guidance to the trial court on remand[,] . . . we simply set forth the applicable law." *Id.* at ¶ 41 (alterations and omission in original) (quotations and citation omitted).

¶ 14 Consequential damages are "those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made."[7] *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 801 (Utah 1985); *see also Mahmood v. Ross,* 1999 UT 104, ¶ 30, 990 P.2d 933 ("To prove consequential damages, a claimant must not only show a causal link between the breach and the subsequent injury, but he must also show that the injury was reasonably foreseeable or reasonably contemplated by the parties at the time the contract was entered into.").

¶ 15 In *Pacific Coast Title Insurance Co. v. Hartford Accident & Indemnity Co.,* 7 Utah 2d 377, 325 P.2d 906 (1958), the Utah Supreme Court discussed foreseeability in analyzing the precise question in this case—whether attorney fees expended in an action against a third party were recoverable as consequential damages of an original breach. In *Pacific Coast,* the contractor failed to pay its subcontractors, laborers, and materialmen. *See id.* at 907. As a result, they filed liens against the homes under construction. *See id.* Plaintiff Pacific Coast, which was responsible for keeping title to the properties unencumbered, defended against the foreclosure of the liens. After settling with the subcontractors, Pacific Coast filed suit against the contractor's performance bond to recover the attorney fees and costs incurred. *See id.* The supreme court acknowledged that generally attorney fees are not recoverable absent statutory or contractual authorization, but nonetheless awarded them to Pacific Coast as consequential damages. *See id.* The supreme court set forth principles of foreseeability, stating that

> to be compensable, the loss must result from the breach in the natural and usual course of events, so that it can fairly and

---

7. By contrast, "general damages" are "those flowing naturally from the breach." *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 801 (Utah 1985).

reasonably be said that if the minds of the parties had averted to breach when the contract was made, loss of such character would have been within their contemplation.

*Id.* The court then reasoned that the award of attorney fees to Pacific Coast was appropriate because it was foreseeable that the contractor's failure to pay the workers "would bring about the series of events" that occurred, including the filing of liens and Pacific Coast's retention of attorneys to defend against foreclosure. *Id.* at 908; *see also Fleck v. National Prop. Mgmt., Inc.,* 590 P.2d 1254, 1255 (Utah 1979) (refusing to award consequential damages because it was not foreseeable that defendant's failure to improve subdivision lots would bring about loss of plaintiffs' down payment on lots, since plaintiffs lost title to lots through foreclosure of preexisting trust deeds).

¶ 16 With these principles in mind, the trial court must determine whether it was reasonably foreseeable, at the time that Gardiner and Interport contracted, that Interport's breach of contract would cause Gardiner to incur attorney fees in the fraudulent transfer action against Betty York. If the trial court concludes that the attorney fees were foreseeable and that they resulted from Interport's breach, then the fees are awardable as consequential damages under the third-party litigation exception. If, however, the likelihood of an action under the UFTA in the event of breach was not within the contemplation of the parties at the time of contracting, or there was no causal link between the fees and the breach, no award of attorney fees is appropriate under the third-party litigation exception. *See Collier v. Heinz,* 827 P.2d 982, 983 (Utah Ct.App.1992); *Moore,* 814 P.2d at 1147–48.

## CONCLUSION

¶ 17 Although the trial court correctly concluded that the insurance case exception was unavailable to support an award of attorney fees, it erred by failing to analyze whether Gardiner's fees are recoverable under the third-party litigation exception. We remand to the trial court for a determination of whether the attorney fees Gardiner incurred in pursuing the fraudulent transfer action were a reasonably foreseeable consequence of Interport's breach.

¶ 18 Reversed and remanded.

¶ 19 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.